# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANNA ALVARADO and CHRISTINE TROTTER,<br><br>Plaintiff,<br><br>v.<br><br>HOME DEPOT U.S.A., INC.,<br><br>Defendant. | Case No.: 18cv611-MMA (NLS)<br><br>**ORDER GRANTING MOTION TO REMAND;**<br><br>[Doc. No. 11]<br><br>**REMANDING ACTION TO STATE COURT** |

Plaintiffs Anna Alvarado and Christine Trotter ("Plaintiffs") bring this action against Defendant Home Depot U.S.A., Inc. ("Home Depot") alleging, *inter alia*, unfair business practices and violations of the California Labor Code. Home Depot removed this case to federal court on March 26, 2018. Doc. No. 1. Plaintiffs move to remand on grounds that Home Depot has failed to meet its burden to establish the minimum amount in controversy necessary for removal under Title 28, United States Code, sections 1332 and 1441. *See* Doc. No. 11. Home Depot filed an opposition to the motion to remand, to which Plaintiffs replied. *See* Doc. Nos. 13, 15. For the reasons set forth below, the Court **GRANTS** Plaintiff's motion to remand.

1

## BACKGROUND

Plaintiffs, both California residents, each served as Assistant Store Managers for Home Depot. Plaintiffs allege that Home Depot failed to provide them with overtime wages, meal periods, rest periods, vacation wages, wages upon termination, and accurate wage statements during their employment. Plaintiffs initially filed suit against Home Depot in San Diego County Superior Court on January 29, 2018, alleging claims regarding violations of the California Labor Code and California Business and Professional Code. Home Depot removed the case to this Court asserting diversity jurisdiction. Plaintiffs seek the following relief: (1) nominal and compensatory damages; (2) restitution and injunctive relief; (3) penalties pursuant to California Labor Code § 201, § 203, § 218.5, § 218.6, § 221, § 225.5, § 226, § 226.2, § 226.3, § 226.7, § 512, and § 558; (4) prejudgment and post-judgment interest; (5) costs of suit; (6) attorney's fees; and (7) any further equitable relief. Plaintiffs' complaint does not indicate the total amount of damages sought.

Plaintiffs now seek to return to state court. Defendant opposes remand, arguing that this Court may properly exercise subject matter jurisdiction based on the diversity of the parties and the amount in controversy. The parties primarily disagree over whether the Court may aggregate the value of Plaintiffs' claims to meet the amount in controversy, and whether the Court may consider post-removal attorney's fees and pre-litigation settlement discussions in calculating the amount in controversy.

## LEGAL STANDARD

A defendant may remove an action from state court to a federal district court when the district court would have had original jurisdiction. 28 U.S.C. § 1441. A federal district court has original jurisdiction over an action between citizens of different states where the amount in controversy exceeds $75,000. 28 U.S.C. § 1332. In determining the amount in controversy, the court first looks to the plaintiff's complaint. *Ibarra v. Manheim Invs., Inc.*, 775 F.3d 1193, 1197 (9th Cir. 2014). Where damages are unstated or ambiguous, the defendant seeking removal bears the burden to

show that the amount in controversy exceeds $75,000. *Gaus v. Miles, Inc.*, 980 F.2d. 564, 566-67 (9th Cir. 1992) (citing *Garza v. Bettcher Indus., Inc.*, 752 F. Supp. 753, 763 (E.D. Mich. 1990.). If the plaintiff contests the defendant's calculations, the parties may submit evidence outside the complaint, including affidavits, declarations, and "reasonable chain[s] of logic" to substantiate their assertions of the amount in controversy. *LaCross v. Knight Transp. Inc.*, 775 F.3d 1200, 1201 (9th Cir. 2015). The court then decides whether, by a preponderance of the evidence, the aggregate value of the amount in controversy meets the jurisdictional minimum. *See Dart Cherokee Basin Operating Co., LLC v. Owens*, 135 S. Ct. 547, 554 (2014). Where the evidence submitted by both sides is balanced or "in equipoise," the court will deny federal jurisdiction. *Ibarra*, 775 F.3d at 1199.

There is a strong presumption against removal, such that the removing party bears the burden of establishing that the statutory requirements of federal jurisdiction have been met. *See Rodriguez v. AT & T Mobility Servs. LLC*, 728 F.3d 975, 978 (9th Cir. 2013). The court must remand the case "if there is any doubt as to the right of removal." *Gaus*, 980 F.2d at 566.

### DISCUSSION

Plaintiffs move for an order remanding this action to state court because "Home Depot cannot provide by a preponderance of credible evidence that the minimum amount in controversy has been met to permit this court to exercise diversity jurisdiction over this action." Doc. No. 11-1, at 7 (internal quotations omitted). Among other things, Plaintiffs argue Home Depot may not aggregate the value of their separate claims, nor include a potential award of attorney's fees in their calculations. Home Depot opposes on grounds that Plaintiffs fail to provide evidence showing that removal was improper, and that Home Depot reasonably calculated Plaintiffs' claims in determining the amount in controversy exceeds $75,000.

As previously noted, Plaintiffs' complaint does not indicate the total amount of damages sought. However, the total amount in controversy alleged in Plaintiff Alvarado's pre-litigation settlement demand is as follows:

| Claim | Potential Amount in Controversy |
| --- | --- |
| Unpaid Overtime | $32,795.10 |
| Unpaid Meal Period Premiums | $1,681.03 |
| Unpaid Rest Period Premiums | $8,128.80 |
| Unpaid Vacation Wages | $1,493.76 |
| Waiting Time Penalties | $6,727.20 |
| PAGA Penalties | $8,250 [1] |
| **TOTAL:** | $61,826.56 |

Home Depot also alleges that $30,000 per plaintiff is a reasonable calculation of attorney's fees, bringing the total amount in controversy for Plaintiff Alvarado to approximately $91,826.56. Home Depot further alleges that although Plaintiff Trotter did not make a pre-litigation settlement demand, Plaintiff Trotter alleges identical claims to Plaintiff Alvarado, and therefore it is reasonable to assume her amount in controversy is at least equal to that of Plaintiff Alvarado.

In calculating their conflicting amounts, the parties disagree over three main points: (A) whether Home Depot may aggregate Plaintiffs' claims to reach the amount in controversy; (B) whether post-removal attorney's fees should be included in the amount in controversy; and (C) whether Home Depot has proven the potential value of Plaintiff Trotter's claims by a preponderance of the evidence.

---

[1] The Court notes that Plaintiff Alvarado does not allege a PAGA claim in the complaint. Doc. No. 1, at 10. Nevertheless, Defendant includes the PAGA penalties in its estimate of the amount in controversy, and relies on this amount to meet the jurisdictional requirement. Doc. No. 1, at 4.

4

## A. Plaintiffs' Claims May Not be Aggregated to Meet the Amount in Controversy

As an initial matter, Home Depot alleges in the Notice of Removal that Plaintiff Alvarado's claims aggregated with Plaintiff Trotter's claims exceed the amount in controversy jurisdictional requirement. Doc. No. 1, at 6. However, the claims may not be aggregated in this manner. Instead, "plaintiffs who seek to enforce separate and distinct rights must each have an amount in controversy that exceeds $75,000." *Snyder v. Harris*, 394 U.S. 332, 335-36 (1969).

In similar cases, when more than one employee sues to recover wages or other benefits in a non-class action, courts have not permitted aggregation of the value of the individual employees' claims. *See, e.g., Wastier v. Schwan's Consumer Brands*, No. 07CV1594, 2007 WL 4277552 (S.D. Cal. Dec. 5, 2007). For example, in *Wastier*, three plaintiffs, employees of the same company, sought relief under California state law for the company failing to pay overtime compensation. The company removed the action based on diversity jurisdiction, but the court remanded the action to state court, finding that the company improperly aggregated the value of the plaintiffs' claims in an attempt to satisfy the amount in controversy requirement. *See id.* Likewise, Home Depot may not aggregate the value of Plaintiffs' claims in order to meet the required amount in controversy.

## B. Post-Removal Attorney's Fees Are Included in the Amount in Controversy

Plaintiffs claim attorney's fees pursuant to sections of the California Labor Code in their prayer for relief. The parties agree, "where an underlying statute authorizes an award of attorney's fees, either with mandatory or discretionary language, such fees may be included in the amount in controversy." *Galt/GS v. JSS Scandinavia,* 142 F.3d 1150, 1156 (9th Cir. 1998). However, the parties disagree as to whether the Court should consider a reasonable estimate of the total anticipated attorney's fees, or consider only the fees incurred at the time of removal, in determining the amount in controversy.

The Ninth Circuit has not yet expressed an opinion as to whether expected or projected future attorney's fees may properly be considered in controversy at the time of

removal for purposes of the diversity jurisdiction statute, and the decisions of the district courts are split on the issue. *See, e.g., Davis v. Staples Inc. et al.*, No. CV 13-8937 FMO, 2014 WL 29117 (C.D. Cal. Jan. 3, 2014) (noting courts are split as to whether only attorney's fees that have accrued at the time of removal should be considered in calculating the amount in controversy, or whether the calculation should take into account fees likely to accrue over the life of the case).

In the class action context, the Ninth Circuit has instructed courts to consider "the reality of what is at stake in the litigation," and the defendant's "damages exposure" regarding the $75,000 amount in controversy requirement. *Ibarra*, 775 F.3d at 1198. Thus, where a statute authorizes recovery of fees, many courts consider a reasonable estimate of the total projected fees to be incurred during litigation, in order to accurately assess a defendant's damages exposure. *See, e.g., Adkins v. J.B. Hunt*, 293 F. Supp. 3d 1140, 1148 (E.D. Cal. 2018); *Brady v. Mercedes-Benz USA, Inc.*, 243 F. Supp. 2d 1004, 1010-11 (N.D. Cal. 2002); *Simmons v. PCR Technology*, 209 F. Supp. 2d 1029, 1034-35 (N.D. Cal. 2002).

Here, Plaintiffs sue under multiple sections of the California Labor Code that provide for attorney's fees, both pre- and post-removal, as a factor in evaluating "what is at stake in the litigation" and Home Depot's "damage exposure" regarding the $75,000 amount in controversy requirement. *Ibarra*, 775 F.3d at 1198. The parties assert different "reasonable estimates" of Plaintiffs' potential fees. Plaintiffs have not provided any set value to determine the attorney's fees incurred thus far, or potential fees incurred in the future. Home Depot alleges that, "the Central District has accepted $300 per hour as a reasonable hourly rate for estimation of attorney fees in similar cases." Doc. No. 13, at 8-9. Home Depot relies on this to calculate the projected amount of attorney's fees for this lawsuit as $30,000.

Even if the Court accepts this as a reasonable fee, Home Depot improperly attributes the total amount of the attorney's fees to each Plaintiff, rather than the Plaintiffs sharing the fees pro rata. *Goldberg v. CPC Int'l, Inc.*, 678 F.2d 1365, 1367 (9th Cir. 1982)

6

(holding that potential attorneys' fees should be distributed pro rata to each class member or plaintiff). Using Home Depot's estimate, each Plaintiff would incur $15,000 in attorney's fees.

Home Depot proffers Plaintiff Alvarado's pre-litigation demand of $61,826.56 in conjunction with reasonable attorney's fees exceeds the $75,000 jurisdictional threshold. Do. No. 13 at 3. "A settlement letter is relevant evidence of the amount in controversy if it appears to reflect a reasonable estimate of the plaintiff's claim." *Cohn v. Petsmart, Inc.* 281 F.3d 837, 840 (9th Cir. 2002). Where a plaintiff later "attempt[s] to disavow his letter or offer[s] contrary evidence," the letter may lose its persuasive value. *Id*. The "demand," which Plaintiff's counsel describes as "inflated," consisted of multiple claims, including a $33,000 PAGA claim of which Plaintiff Alvarado would be entitled to 25% ($8,250). Do. No. 1, Ex. C at 8. However, Plaintiffs do not include a PAGA claim in the lawsuit. Removing the PAGA claim from the equation, the pre-litigation settlement demand suggests Plaintiff Alvarado's damages are only $53,576.56.

Assuming the Court accepts Home Depot's $30,000 estimate of attorney's fees, properly pro-rated as $15,000 in fees for each Plaintiff, the amount in controversy for Plaintiff Alvarado's claims would only reach $68, 576.56. Because this does not exceed the jurisdictional minimum requirement of $75,000, the Court lacks diversity jurisdiction over Plaintiff Alvarado's claims.

**C.     Home Depot Has Not Shown that the Amount in Controversy Exceeds $75,000 by a Preponderance of the Evidence with Regard to Plaintiff Trotter.**

Home Depot does not provide any independent evidence with regard to the claims brought by Plaintiff Trotter. Instead, Home Depot relies solely on the claims brought by Plaintiff Alvarado to calculate Plaintiff Trotter's amount in controversy. *Id*. Home Depot speculates that the alleged value of Plaintiff Trotter's claims should be higher, given that she was an assistant manager for three times as long as Plaintiff Alvarado. *Id*. Plaintiffs point out that, "even though Home Depot has control over Ms. Trotter's

records, it has chosen to withhold or ignore these records and instead opts to rely on Ms. Alvarado's settlement demand and the Complaint only." Doc. No. 15, at 7.

Because Home Depot's calculations of Plaintiff Trotter's claims are speculative, and given the strong presumption against removal, Home Depot has not met their burden of demonstrating that Plaintiff Trotter's claims exceed the requisite amount in controversy. *See Roth v. Comerica Bank*, 799 F. Supp. 2d 1107, 1127-28 (C.D. Cal. Aug. 31, 2010); *Smith v. Brinker Int'l Inc.*, No. C10-0213 VRW, 2010 WL 1838726 (N.D. Cal. May 5, 2010) ("Because defendants' calculation of damages for alleged overtime and missed meal and rest periods is speculative and based on conjecture, the court limits the calculation of the amount in controversy to the reasonably certain amount of statutory penalties that could be claimed.").

## CONCLUSION

Based on the foregoing, the Court **GRANTS** Plaintiffs' motion and **REMANDS** this action to the Superior Court of the State of California, County of San Diego. The Court **DIRECTS** the Clerk of Court to close the case.

**IT IS SO ORDERED**.

DATE: June 5, 2018

HON. MICHAEL M. ANELLO
United States District Judge